In the Matter of the Care and Treatment of Donnie DU-NIVAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 28462.

Missouri Court of Appeals, Southern District, Division One.

March 7, 2008.

Stephen Reynolds, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Alana M. Barragan–Scott, Jefferson City, for respondent.

DANIEL E. SCOTT, Judge.

Donnie Dunivan challenges the sufficiency of the evidence to support his commitment under the sexually violent predator ("SVP") law, RSMo §§ 632.480–.513. We affirm.

Dunivan was convicted of misdemeanor child molestation in 1978. In 1984, he pled guilty in Arkansas to raping a 14–year–old boy and was imprisoned. Shortly after his Arkansas prison release, he was arrested and jailed in Missouri for promoting prostitution. He then forcibly sodomized a 16–year–old jail inmate, pled guilty to that charge, and was imprisoned again.[1]

As Dunivan's release date approached, the state petitioned to commit him under the SVP law. Dunivan waived a jury, and the case was tried to the court in March 2007. Psychologist David Suire was the State's witness. Dunivan testified briefly[2] without disputing Dr. Suire's expert opinions and conclusions.

The court found by clear and convincing evidence that Dunivan has a mental abnormality that makes him more likely than not to engage in predatory acts of sexual violence if not confined. § 632.480(5). The court also found Dunivan has serious difficulty controlling his behavior. *See Thom-*

---

1. During that imprisonment, Dunivan was convicted and sentenced to an additional six-year term for having a homemade shank.

2. Less than four transcript pages.

*as v. State,* 74 S.W.3d 789, 791–92 (Mo. banc 2002). Accordingly, the court adjudged Dunivan a SVP and civilly committed him until he is safe to be at large.

Dunivan's sole appeal point violates Rule 84.04(d)(1), but its gist is that the evidence does not prove he has serious difficulty controlling his behavior. We view the record most favorably to the judgment, disregarding all contrary evidence and inferences, and will not reverse for insufficiency of the evidence unless there is a complete absence of probative facts supporting the judgment. *In re Care and Treatment of Spencer,* 171 S.W.3d 813, 816 (Mo.App. 2005); *In re Care and Treatment of Kapprelian,* 168 S.W.3d 708, 710 (Mo.App. 2005). The evidence so viewed supports the judgment.

Dr. Suire performed 600 Missouri SVP evaluations as clinical director of the Missouri Sex Offender Program (MOSOP) from 2004 to 2006. In that position, he personally interviewed Dunivan and prepared his August 2004 end-of-confinement report. Dr. Suire testified at Dunivan's probable cause hearing, and reviewed thousands of pages of Dunivan's prison, law enforcement, administrative, and MOSOP records shortly before trial. Dr. Suire concluded to a reasonable degree of psychological certainty that Dunivan has a mental abnormality—paraphilia not otherwise specified (NOS), adolescents and non-consent[3]—that makes him more likely than not to engage in predatory acts and sexual violence if not confined to a secure facility, and that he is a SVP.[4] He also testified at length about the bases for these opinions. Dr. Suire testified virtually without objection and his opinions were uncontroverted.

Dr. Suire identified "a number of things" indicating Dunivan's serious difficulty controlling his behavior. He started with Dunivan's sheer number of offenses—at least four convictions and eight charges for sexual offending behavior. Dunivan has offended after repeated legal interventions, including significant prison terms, and has continued to act out sexually and make sexualized threats in secure settings. He has not significantly benefited from treatment. In fact, he was terminated from the MOSOP program for sexual behavior and lack of progress. Dunivan scored in the highest risk ranges on both the Static–99 and MnSOST–R, two commonly-used risk assessment tests. His paraphilia NOS is chronic and will not go away with time.

Most psychologists, according to Dr. Suire, think past behavior is the best predictor of future behavior.[5] This court will not reiterate Dunivan's repeated, vile threats of sexual violence against various staff members, and even a female superintendent, at his recent places of confinement. Suffice it to say such evidence was uncontradicted, as was Dunivan's "very large" number of conduct violations at every facility, totaling 546 violations through July 2006, plus further threats and conduct violations into early 2007 after Dunivan's

---

**3.** A second doctor also diagnosed Dunivan with a "very similar" paraphilia NOS. Paraphilia is a sexual disorder characterized by recurrent urges or behaviors that involve the suffering or humiliation of another person, including having sex with children or other non-consenting adults. Paraphilia involving non-consenting persons falls into the general category of paraphilia NOS, unlike other types of paraphilia, such as pedophilia, that are more specifically categorized. *Care and Treatment of Cokes v. State,* 183 S.W.3d 281, 283 (Mo.App.2005).

**4.** In addition, Dr. Suire diagnosed Dunivan with personality disorder NOS, with antisocial features.

**5.** *Kapprelian,* 168 S.W.3d at 711, cites similar testimony by another psychologist.

transfer to the Missouri Sex Offender Treatment Center.

We need not further recount or detail the record. The trial court could reasonably infer, from the testimony we have cited and other evidence, that Dunivan has serious difficulty controlling his behavior. Dunivan's self-characterization as a mere victim of social intolerance is unsupported by the record and rebutted by Dr. Suire's testimony.

Dunivan has not shown a "complete absence of probative fact" to support the judgment. *Spencer*, 171 S.W.3d at 816; *Kapprelian*, 168 S.W.3d at 710. Accordingly, the judgment is affirmed.

PARRISH, P.J., and BATES, J., concur.