**In the Matter of the Care and Treatment of Jesse PARNELL, a/k/a Jesse D. Parnell, Respondent–Appellant.**

No. SD 31858.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 3, 2013.

Erika R. Eliason, Columbia, for appellant.

Chris Koster (Attorney General), Timothy A. Blackwell, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, J.

Jesse Parnell ("Appellant") appeals the judgment of the Probate Division of the Circuit Court of Dade County ("the trial court") committing him to the custody of the Missouri Department of Mental Health ("MDMH"), after a jury found that he was a "sexually violent predator" ("SVP"), as defined in section 632.480(5).[1] Appellant argues that the State failed to present clear and convincing evidence to establish that he suffered from a mental abnormality that made it more likely than not that he would engage in predatory acts of sexual violence if not confined to a secure facility. We affirm the judgment of the trial court.

**Factual and Procedural Background**

Appellant began molesting children he was babysitting when he was eight or nine years old. As Appellant became older, he became "more coercive or aggressive" in his sexual behavior. Appellant took younger boys into secluded areas and forced

---

1. All statutory references are to RSMo Cum. Supp.2001, unless otherwise specified.

them to engage in sexual acts on at least three or four occasions prior to Appellant turning eighteen. One of these incidents resulted in a juvenile conviction, which committed Appellant to a youth center.

At the age of eighteen, Appellant picked up a fourteen-year-old boy, forced him into a secluded area, and anally raped him. He was convicted of forcible sodomy and was hospitalized at Fulton State Hospital, where he began a sexual offender treatment program. Appellant did "very poorly" in the treatment program. While in the program, Appellant admitted to having a "deviant sexual attraction" meaning, "he was sexually aroused by forcing himself sexually upon others." He discussed his sexual attraction to males around the age of fourteen. He disclosed that he had engaged in sexual behavior with prepubescent and adolescent boys on at least twenty-one occasions. Appellant was "resistant, argumentative, [and] manipulative" and "was basically noncompliant with treatment." After a year and a half, his treatment providers concluded that he could not successfully complete the program, although "[h]e was still extremely high risk" and was regarded as "one of the most dangerous patients in the unit."

Appellant was discharged from the Fulton State Hospital program and remanded to prison, because he violated the terms of his probation by failing to complete the treatment. Appellant failed to report to prison and had to be apprehended and brought back into custody. While incarcerated, he declined the opportunity to participate in the Missouri Sex Offender Treatment Program ("MOSOP"). Within one month of his release from prison, Appellant forced anal sex on a fifteen-year-old, mentally handicapped boy. During the act, he told the boy to continue screaming because "nobody's going to hear you." Appellant pleaded guilty to second-degree statutory sodomy. Appellant declined to participate in MOSOP while incarcerated for the second time. Prior to Appellant's scheduled release, the State filed a petition to involuntarily commit Appellant as an SVP. Following the denials of Appellant's motions for directed verdict at the close of the State's evidence and at the close of all the evidence, the jury found that Appellant was an SVP. The trial court committed Appellant to the MDMH for treatment. This appeal timely follows.

Appellant's sole point on appeal states that the trial court erred in overruling his "Motion for Judgment of Acquittal at the Close of All Evidence" because the State failed to present clear and convincing evidence that he met the statutory definition of an SVP.

## Principles of Applicable Law and Review

In reviewing the trial court's denial of a motion for directed verdict, we review to determine if the State made a submissible case. *In re Care and Treatment of Cokes,* 107 S.W.3d 317, 321 (Mo. App. W.D.2003). To make a submissible case, the evidence and all reasonable inferences therefrom must establish each of the elements of an SVP commitment. *Bradshaw v. State,* 375 S.W.3d 237, 242 (Mo. App. S.D.2012). Each element must be established by sufficient evidence, from which the jury can reasonably decide the case. *In re Care & Treatment of A.B.,* 334 S.W.3d 746, 752 (Mo.App. E.D.2011). The State's burden was to prove by clear and convincing evidence that Appellant met the statutory definition of an SVP. *Bradshaw v. State,* 375 S.W.3d at 242. We, however, view evidence and all reasonable inferences drawn therefrom in the light most favorable to the State's case and disregard all evidence and inferences to the contrary. *In re Cokes,* 107 S.W.3d at 321. We will

not supply missing evidence or give the State the benefit of unreasonable, speculative, or forced inferences. *Id.*

█ Pursuant to the SVP Act, sections 632.480 through 632.513, an SVP is defined as "any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility" and who has pleaded or been found guilty of a sexually violent offense. Section 632.480(5). Appellant does not dispute that his conviction for forcible sodomy qualifies as a "sexually violent offense", as defined in section 632.480(4). "Therefore, the State must prove, by clear and convincing evidence, that the offender at issue: 1) 'suffers from a mental abnormality'; and 2) the abnormality 'makes him more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility.' " *In re Nelson,* 375 S.W.3d 885, 887 (Mo.App. S.D. 2012) (quoting *In re A.B.,* 334 S.W.3d at 752). A "mental abnormality" is "a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to commit sexually violent offenses in a degree constituting such person a menace to the health and safety of others[.]" Section 632.480(2).

### Analysis

█ In the light most favorable to the judgment, the evidence clearly supports a finding that Appellant suffers from a mental abnormality. Dr. Kent Franks, a psychologist for the State, diagnosed Appellant with pedophilia, sexually attracted to males, non-exclusive type, and paraphilia not otherwise specified ("NOS"), non-consenting.[2] Dr. Franks based his pedophilia diagnosis on Appellant's prior actions in "forcing sexual activity upon significantly younger male victims," and Appellant's confessed sexual attraction; he based his paraphilia NOS diagnosis on Appellant's "pattern of deviant arousal associated with aggressive sexual forcefulness" and Appellant's admission that he experienced a thrill from aggressive sexuality. He explained that both pedophilia and paraphilia NOS are mental abnormalities that are chronic in nature and cannot be cured.

Dr. Kristie Scheu, a psychologist who evaluated Appellant while working at the MDMH, testified on behalf of Appellant. Although she ultimately concluded that Appellant did not qualify as an SVP, she did agree with Dr. Franks' paraphilia NOS diagnosis.

While Appellant argues that the State failed to present sufficient evidence to make a submissible case that he suffers from a "mental abnormality", both Dr. Franks and Dr. Scheu testified that Appellant suffers from paraphilia NOS. Dr. Scheu, Appellant's own witness, testified that paraphilia NOS qualified as a "mental abnormality" within the meaning of the SVP definition. Clearly, there was sufficient evidence to support the jury's finding that Appellant had a mental abnormality.

---

**2.** Dr. Franks testified that pedophilia is "a recurrent pattern of fantasies, urges or behaviors directed towards prepubescent children that interferes with the person's day-to-day functioning and causes significant distress in their occupational and social life." He also testified paraphilias "represent an attempt by the profession to classify all of the different sexual deviations that humans are capable of." Paraphilia has also been explained as "a sexual disorder characterized by recurrent urges or behaviors that involve the suffering or humiliation of another person." *Dunivan v. State,* 247 S.W.3d 77, 78 n. 3 (Mo.App. S.D.2008). According to Dr. Franks, Appellant was sexually excited by rape, and "the only diagnosis for rapists in the DSM IV is paraphilia not otherwise specified, non-consenting."

As to the evidence supporting a finding that Appellant was more likely than not to reoffend if not committed, Dr. Franks offered expert testimony that Appellant was more likely than not to commit future sexually violent acts and explained the actuarial basis for his opinion. Dr. Franks also testified that in his opinion, to a reasonable degree of professional certainty, Appellant was more likely than not to commit future sexually violent acts. In his assessment of Appellant's likelihood to commit a future sexually violent act, Dr. Franks used the Static–99R and the MnSOST–R actuarial instruments. On the Static–99R, the most widely used risk assessment tool in the field, Appellant scored a five, which is characterized as being moderate-high risk of reconviction of a sexual offense. Specifically, Appellant had a 25.2 percent chance of being reconvicted within five years, and a 35.5 percent chance of reconviction within ten years. On the MnSOST–R, Appellant scored a ten, indicating a high percentage risk, 73 percent specifically, of rearrest for a sexual offense within six years.

Dr. Franks also evaluated other risk factors, including poor compliance with supervision, intimacy deficiency, poor social skills, empathy deficiency, lack of remorse, and poor self and sexual regulation, which indicated Appellant was likely to reoffend. Dr. Franks concluded that it was his opinion, to a reasonable degree of professional certainty, that Appellant was an SVP within the definition of Missouri law. Dr. Franks specifically noted that paraphilia NOS predisposed Appellant to commit sexually violent offenses, because the "sadistic" nature of the crimes was arousing to Appellant. He also testified that the similarity of the offenses committed by Appellant was a good predictor of future behavior, and that paraphilia NOS is chronic and could not be cured.

Although Appellant presented evidence to the contrary, matters of credibility and weighing of testimony are for the jury to determine. *Bradshaw*, 375 S.W.3d at 244. We defer to the jury's determination that Dr. Frank's testimony was more credible than Dr. Scheu's on the issue of recidivism. Sufficient evidence supports the finding that Appellant was more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility.

Appellant's point is denied; the judgment of the trial court is affirmed.

GARY W. LYNCH, P.J. and WILLIAM W. FRANCIS, Jr., J., concur.