STATE of Missouri, Plaintiff–
Respondent,

v.

Tommie Lee CASSEL, Defendant–
Appellant.

No. SD 31784.

Missouri Court of Appeals,
Southern District,
Division Two.

April 24, 2013.

Emmett D. Queener, Columbia, MO, for appellant.

Robert J. Bartholomew Jr., Jefferson City, MO, for respondent.

MARY W. SHEFFIELD, J.

Tommie Lee Cassel ("Defendant") appeals from his conviction, after a trial by the court, of attempted first-degree robbery. *See* §§ 564.011, 569.020.1(4).[1] Defendant claims there was insufficient evidence to support his conviction. We disagree and affirm the trial court's judgment.

### *Standard of Review*

■■■ Because the judge's findings in a court-tried criminal case have the same force and effect of a jury verdict, this Court employs the same standard of review to evaluate the sufficiency of the evidence in both types of cases. *State v. Fraga*, 189 S.W.3d 585, 586 (Mo.App. S.D. 2006). That is, we examine the evidence to determine whether a reasonable fact-finder could have found guilt beyond a reasonable doubt. *State v. Simrin*, 384 S.W.3d 713, 718 (Mo.App. S.D.2012). "We accept as true all evidence supporting the verdict and the reasonable inferences flowing therefrom." *State v. Bolthouse*, 362 S.W.3d 457, 458 (Mo.App. S.D.2012) (quoting *State v. Belton*, 949 S.W.2d 189, 192 (Mo.App. W.D.1997)). Evidence and inferences contrary to the verdict must be dis-

regarded. *Id.* "Finally, it is not this [C]ourt's place to 'weigh the evidence, or determine the reliability or the credibility of witnesses.'" *Id.* "We afford 'great deference' to the fact finder." *State v. Saucy*, 164 S.W.3d 523, 526 (Mo.App. S.D.2005).

### *Factual and Procedural Background*

On October 13, 2010, Defendant, dressed entirely in black and wearing a white cloth over his mouth, entered a convenience store. He had his hands in his pockets, and "[h]e was motioning that he had a gun in his pocket." Defendant spoke with the employee on duty, Teresa Barker ("the employee") and said, "Give me your money. I am not kidding." He told the employee he had a gun. The employee went to the cash register and opened it. Defendant took his hand out of his pocket and reached toward the cash register. When Defendant made that movement, the employee realized he did not have a gun so she closed the cash register and told Defendant to leave. Defendant left, and the employee called the police.

When the police arrived at the convenience store, two witnesses waved the officers down. The witnesses gave the police a description of Defendant's car and told the police which way Defendant had gone. The information was broadcast on the police radio, and a vehicle matching the description was located a short distance away from the convenience store. A high-speed chase ensued. Ultimately, Defendant was apprehended.

After his arrest, Defendant was informed of his *Miranda*[2] rights and agreed to speak with the police. Defendant told the police he went to the convenience store "to do a robbery because he owed someone five hundred dollars for a drug debt." De-

---

1. Unless otherwise indicated, all statutory references are to RSMo (2000).

2. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

fendant went on to explain "[h]e put his hand or finger in his pocket as a bluff as if he had a gun to get the money."

Defendant was charged with attempted first-degree robbery. Defendant waived his right to a jury trial and was tried by the court. In addition to the evidence described above, the State introduced and played for the judge a surveillance video of the robbery. The judge found Defendant guilty as charged. This appeal followed.

### Discussion

Defendant argues the evidence was insufficient to support the conviction because there was no evidence the employee reasonably believed Defendant threatened the use of what appeared to be a deadly weapon or dangerous instrument. This argument is without merit because Defendant had his hand in his pocket, made motions indicating he had a gun, said he had a gun, and demanded money.

■ To prove an attempt, the State must show (1) the defendant acted with the purpose of committing the offense and (2) the defendant took a substantial step toward committing the offense. § 564.011. "A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." *Id.* As pertinent to this case, "[a] person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he ... [d]isplays or threatens the use of what appears to be a deadly weapon or dangerous instrument." § 569.020.1(4). "The fact that a victim perceives there to be a weapon that remains unseen is sufficient whether or not, in fact, such a weapon exists." *Bolthouse,* 362 S.W.3d at 460. For this reason, "Missouri courts have repeatedly held evidence sufficient to support a first-degree robbery conviction if the defendant either made motions indicating he had a concealed weapon during the course of the robbery, he manifested physical indications suggesting the presence of a weapon while making threatening statements, or both." *Id.* (collecting cases).

■ In the present case, the evidence was sufficient to support the verdict. Defendant's actions of entering the convenience store, concealing his hand in his pocket, making motions indicating he had a gun, telling the employee he had a gun, and demanding money were strongly corroborative of his intent to commit a robbery by threatening the use of what appeared to be a deadly weapon. Consequently, there was sufficient evidence to support his conviction.

■ Defendant's arguments to the contrary rely on testimony which could be interpreted to support the inference that the employee did not believe he was armed, including testimony showing (1) the employee did not immediately give Defendant money and (2) the employee told a customer after the incident she "had a sense by the way he acted he didn't have no gun[.]" This evidence is contrary to the trial court's finding, and as such, it must be disregarded. *See State v. Bolthouse,* 362 S.W.3d at 458.

Defendant also appears to be arguing that the evidence was insufficient merely because the employee, at some point, did not believe Defendant had a gun. This argument is without merit because the employee testified she believed Defendant had a gun until he took his hand out of his pocket. Defendant's arguments to the contrary are without merit because they ignore that evidence.

Defendant's actions were a substantial step toward the commission of first-degree robbery, and his arguments to the contrary are without merit. Defendant's sole point on appeal is denied.

*Decision*

The trial court's judgment is affirmed.

JEFFREY W. BATES, J., and DANIEL E. SCOTT, P.J., concur.