**STATE of Missouri, Respondent,**

v.

**Joseph E. FINCH, Appellant.**

**No. SD 32040.**

Missouri Court of Appeals, Southern District, Division Two.

May 21, 2013.

Alexa Irene Pearson, Columbia, for appellant.

J. Daniel Patterson, Pros. Atty., and Jody M. Larison, Asst. Pros. Atty., for respondent.

**DANIEL E. SCOTT, P.J.**

A late-night liquor thief fled in a car driven by Finch. Alerted by dispatch, a deputy stopped the car within minutes. Finch got out, stumbled, and nearly fell, but the deputy caught him. As a second officer later testified, Finch's speech was "slurred, sometimes incoherent, mumbling"; his eyes were "bloodshot, watery, glassy; typical of an under-the-influence person"; and his balance "was very uncertain. I remember he almost fell down whenever I came in contact with him, and I had to catch him."

Finch had not been drinking, but admitted his recent use of hydrocodone and marijuana. Subsequent evaluations by two different officers led each to believe that Finch's driving ability was impaired. Each officer so testified, without objection, at a bench trial where Finch was found guilty of misdemeanor DWI.

### Sufficiency of Evidence/Principles of Review

Finch complains that the state did not prove that he was "in an intoxicated or drugged condition or that his ability to

drive was in any way impaired." In reviewing this claim, we accept all evidence and reasonable inferences favoring the state and ignore contrary evidence and inferences. *State v. Hoy*, 219 S.W.3d 796, 801 (Mo.App.2007).[1] "We do not weigh the evidence except to determine whether there was sufficient evidence from which the trial court could reasonably have found the defendant guilty." *Id.* Appellate courts will reverse a conviction for insufficient evidence only if there is a complete absence of probative fact to support the fact-finder's conclusion. *State v. Wahl*, 89 S.W.3d 513, 515 (Mo.App.2002).

Analytically, and as with similar complaints in other contexts,[2] Finch's claim of insufficient evidence thus involves three sequential steps:

1. Identify a challenged factual proposition needed to sustain the conviction;

2. Identify all favorable evidence in the record tending to prove that proposition; and

3. Show why such evidence, when considered along with its reasonable inferences, is so non-probative that no reasonable fact-finder could believe the proposition.

### Analysis

Finch takes the first step, alleging a lack of proof "that his ability to drive was in any way impaired" and, consequently, that he was "in an intoxicated or drugged condition...."[3] But in lieu of step two, and contrary to our standard of review, Finch next focuses on evidence and inferences which allegedly favor him. This gains Finch nothing as such "evidence is contrary to the trial court's finding, and as such, it must be disregarded." *State v. Cassel*, SD31784, —— S.W.3d ——, 2013 WL 1755493, slip op. at 2 (Mo.App. S.D. Apr. 24, 2013).

To proceed in the proper manner is to show why Finch's claim fails. As we noted at the outset, testimony from two officers indicated that Finch's driving ability was impaired. A drug recognition evaluator testified, based on his observations of Finch, that he did not believe that Finch "would be able to safely operate a motor vehicle." The officer who field-tested Finch for sobriety testified that "[t]he totality of the circumstances indicated to me that [Finch] was too impaired to safely operate a motor vehicle," followed by this colloquy:

Q. Based on these three tests; what, if anything, did you believe at that time?

A. With everything that I observed, I believed [Finch] to be impaired on an unknown substance.

---

1. We have summarized the facts above accordingly.

2. *See, e.g., Welman v. Parker*, 391 S.W.3d 477, 485 (Mo.App.2013); *Houston v. Crider*, 317 S.W.3d 178, 186–87 (Mo.App.2010).

3. Per *Hoy*, in a case like this,

> the "intoxicated condition" element of the offense of driving while intoxicated under § 577.010.1, is composed of three components: (1) *impaired ability*—the defendant's impaired ability in any manner to operate a motor vehicle at the time of the alleged offense; (2) *presence of the substance*—the presence of the proscribed substance in the defendant's body at the time of the alleged offense; and (3) *causation*—the causal connection between the presence of the proscribed substance and the impaired ability to operate a motor vehicle.

> 219 S.W.3d at 802 (footnote reference omitted). Here, although not required to do so, the trial court made express findings and/or cited specific evidence of record as to Finch's recent ingestion, intoxication, and cause of the intoxication, but no specific finding as to Finch's "impaired ability."

Q. Based on your training and experience, did you believe that he could safely operate a motor vehicle?

A. No.

All such testimony, which was admitted without objection, "may be relied upon for purposes of determining whether a submissible case has been presented." *State v. Jackson,* 186 S.W.3d 873, 883 (Mo.App. 2006). Finch offers no argument consistent with our standard of review that this evidence, which the trial court plainly credited, lacked probative value or otherwise could not support a finding that Finch's driving ability was impaired.[4]

### Conclusion

Finch's sole point fails. We affirm the judgment and conviction.[5]

DON E. BURRELL, C.J. and MARY W. SHEFFIELD, J., concur.

---

**4.** To the extent that Finch's somewhat ambiguous point and argument might be read as challenging the sufficiency of evidence as to other *Hoy* components, suffice it to say that the following trial court findings are supported by or reasonably inferable from the record as we must view it:

> As to defendant's alleged intoxication, court particularly notes the repeated evidence of his stumbling, loss of balance, slurred speech, drooping eyelids and inability to touch the tip of his nose. As to the cause of

---

> the intoxication, court gives great weight to his admission of recent ingestion; green film on tongue; presence of vertical nystagmus; and finding of the same or related materials in his body fluids. Given the lack of significant evidence of any other cause for his behavior and presentation, court finds the state has sustained its burden and finds defendant guilty beyond a reasonable doubt.

**5.** Any motions taken with the case are denied.