In the Matter of the Care and Treatment of Kevin JONES, a/k/a Kevin G. Jones, a/k/a Kevin Gene Jones, a/k/a Gene Jones.

No. SD 32279.

Missouri Court of Appeals,
Southern District,
Division One.

July 18, 2013.

Erika R. Eliason, Columbia, MO, for appellant.

Chris Koster, Attorney General, and Timothy A. Blackwell, Assistant Attorney General, Jefferson City, MO, for respondent.

GARY W. LYNCH, P.J.

Kevin Jones appeals the trial court's judgment committing him to the custody of the Department of Mental Health following a jury finding that he is a sexually violent predator (SVP). *See* sections 632.480 through 632.513.[1] He claims the trial court erred in denying his pre-trial motion to dismiss the petition "because the qualifying offense alleged in the petition was invalid" and in denying his motion for judgment of acquittal at the close of all the evidence because the State failed to present sufficient evidence that he was an SVP. Finding no error as claimed, we affirm.

### *Factual and Procedural Background*

The State filed a petition seeking the civil commitment of Jones to the Department of Mental Health alleging, as a predicate offense,[2] "[t]hat on November 18, 2003, [Jones] pled guilty in the Circuit Court of Barry County, Missouri, case number CR202–1527FX, to a sexually violent offense as defined by law, specifically: child molestation first degree, in violation of RSMo § 566.067."

Before trial, Jones filed a motion to dismiss the petition "because [his] plea in Case No. CR202–1527FX is invalid in that it was made by [Jones] after he had been found to be incompetent to proceed and subsequent thereto the court never made

an express finding or determination, or enter [sic] a formal order declaring [Jones] was mentally fit to proceed." Jones attached to his motion three documents he alleged were from the file of Barry County case number CR202–1527F: an Order Committing Defendant to Department of Mental Health Because of Incompetency to Proceed dated November 7, 2002, and signed by Associate Circuit Judge Michael D. Garrett; a Motion to Proceed by the Department of Mental Health dated June 3, 2003, and filed in the Associate Division of the Circuit Court of Barry County on June 9, 2003; and an order dated September 23, 2003, signed by Judge Garrett reciting that "Defendant appears in person and with his attorney, Public Defender Victor W. Head. Having consulted with his attorney, his pastor and his family members, and being advised again of his right to preliminary hearing and other constitutional rights, Defendant knowingly, intelligently and voluntarily waives his preliminary hearing."[3]

At the hearing on Jones's motion to dismiss, at Jones's request, the trial court took judicial notice of the "entire file in Case Number CR202–1527FX."[4] That was the only evidence admitted. Jones's trial counsel told the trial court that "our argument stated in the motion is contained entirely within that file." At the conclu-

---

1. All statutory references are to RSMo Cum. Supp.2011.

2. "To qualify for commitment as a sexually violent predator, the person must have either pleaded guilty or been found guilty by reason of a mental disease or defect of a sexually violent offense or have been committed as a criminal psychopath pursuant to section 632.475. Section 632.480(5)." *In re Van Orden,* 271 S.W.3d 579, 584 (Mo. banc 2008).

3. As best we can discern from the record before us, case number CR202–1527F apparently contains the record of the proceedings

upon the complaint against Jones for the offense of child molestation in the first degree filed in the Associate Division of the Circuit Court of Barry County, and case number CR202–1527FX contains the record of the proceedings upon the information filed against Jones in the Circuit Court of Barry County after he waived his right to a preliminary hearing in the Associate Division before Judge Garrett.

4. Jones has not deposited this file as an exhibit with this Court or otherwise made it a part of the record on appeal.

sion of the hearing, the trial court denied the motion.

During the trial on the petition, among other evidence, two psychologists testified for the State: Dr. Kimberly Weitl and Dr. Steven Mandracchia. Dr. Weitl, a psychologist employed by the Missouri Department of Corrections, testified that she conducted an evaluation to determine whether Jones was an SVP. Dr. Weitl interviewed Jones as part of her evaluation in which Jones denied ever touching a child inappropriately. Dr. Weitl testified, without objection, that this statement was inconsistent with the fact that Jones had previously pleaded guilty in the child-molestation criminal case. Dr. Weitl also identified the State's exhibit number four as a certified copy of the sentence and judgment in that case. The State immediately thereafter offered exhibit number four into evidence and it was admitted[5] without objection.[6]

Dr. Weitl diagnosed Jones with pedophilia and concluded that, to a reasonable degree of psychological certainty, Jones suffers from a mental abnormality. To determine Jones's risk of committing a future sex offense, Dr. Weitl used two actuarial instruments: the Static–99, and the Minnesota Sex Offender Screening Tool Revised (MNSOST–R). Dr. Weitl gave Jones a score of six on the Static–99, which placed Jones in the high-risk category· of being convicted of another sex offense. Individuals with a score of six on the Static–99 presented a 27.7 percent risk of being convicted of another sex offense in

the next five years and a 37.3 percent risk of being convicted of another sex offense in the next ten years. Dr. Weitl gave Jones a score of nine on the MNSOST–R, which placed Jones in the high-risk category of being arrested for another sex offense. Individuals with a score of nine on the MNSOST–R presented a 54 percent risk of being arrested for another sex offense in the next six years. According to Dr. Weitl, actuarial scores are underestimates because they do not capture lifetime risk, they do not account for all risk factors, and they only measure the risk of re-arrest or re-conviction, while not accounting for unreported offenses or offenses that do not otherwise result in an arrest or conviction. Dr. Weitl concluded, to a reasonable degree of psychological certainty, that Jones was more likely than not to commit another act of sexual violence if not confined to a secure facility.

Dr. Mandracchia, a psychologist with the Missouri Department of Mental Health diagnosed Jones with pedophilia, sexually attracted to males. Dr. Mandracchia determined that, to a reasonable degree of psychological certainty, Jones suffered from a mental abnormality. Dr. Mandracchia determined that Jones's pedophilia caused him serious difficulty in controlling his behavior. Dr. Mandracchia gave Jones a score of ten on the Static–2002R, which placed Jones in the high-risk category for being convicted of another sex offense. According to Dr. Mandracchia, the static score is an underestimate because it only measures the rate of re-conviction

**5.** Jones has not deposited the State's exhibit number four with this Court or otherwise made it a part of the record on appeal.

**6.** When the State offered exhibit number four into evidence, Jones's trial counsel asked for a side bar and stated to the trial court, "The first page [apparently referring to the certification] notes other documents that aren't to

be included in it." From the context of the side bar, it was clear that trial counsel was only objecting to the inclusion in exhibit number four of any documents listed in the certification other than the sentence and judgment. Even that objection was later withdrawn by trial counsel when the jury asked to see all exhibits during their deliberation.

rather than the rate of re-offense. Dr. Mandracchia concluded that, to a reasonable degree of psychological certainty, Jones was more likely than not to commit a predatory act of sexual violence if not confined.

After the jury found him to be an SVP and the trial court entered its judgment of commitment accordingly, Jones timely appealed.

### Applicable Principles of Review and Governing Law

■ The State was required to prove two statutory elements: (1) that Jones "suffers from a mental abnormality which makes [him] more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility"; and (2) that Jones had pleaded guilty to "a sexually violent offense[.]" Section 632.480(5)(a); *see also In re Care and Treatment of Morgan*, 398 S.W.3d 483, 485 (Mo.App. 2013). Child molestation in the first degree is a sexually violent offense. Section 632.480(4).

> "Appellate review in an SVP case is limited to a determination of whether there was sufficient evidence admitted from which a reasonable jury could have found each necessary element by clear and convincing evidence." *In re Care & Treatment of A.B.*, 334 S.W.3d 746, 752 (Mo.App. E.D.2011). This means that the credibility of witnesses and the weight to be given to their testimony are for the jury to determine. *Id.* "This Court does not reweigh the evidence." *In re Care & Treatment of Gormon*, 371 S.W.3d 100, 103 (Mo.App. E.D.2012). Instead, "[w]e view the record most favorably to the judgment, disregarding all contrary evidence and inferences, and

will not reverse for insufficiency of the evidence unless there is a complete absence of probative facts supporting the judgment." *In re Care & Treatment of Dunivan v. State*, 247 S.W.3d 77, 78 (Mo.App. S.D.2008).

*In re Morgan*, 398 S.W.3d 483, 485 (Mo. App.2013).

### Discussion

### Validity of Qualifying Offense Not Properly Preserved for Appellate Review

■ In his first point, Jones asserts the trial court erred in overruling his motion to dismiss "because the qualifying offense alleged in the petition was invalid ... in that the associate court[7] never properly determined that [Jones] was fit to stand trial after it had previously determined that [Jones] was unfit in violation of the procedure set forth in Section 552.020[.]" We deny this point because it was not properly preserved for our appellate review in two respects.

■ First, Jones failed to timely and specifically object to Dr. Weitl's testimony that he had pleaded guilty in the child-molestation criminal case and the admission of the sentence and judgment from that case. His motion to dismiss was made in limine seeking to exclude from the trial any evidence that he had pleaded guilty in the child-molestation criminal case. "In limine" is defined as "in or at the beginning" and a motion in limine is traditionally used as a way of excluding the admission of testimony or evidence at the beginning of litigation. *Alberswerth v. Alberswerth*, 184 S.W.3d 81, 99 (Mo.App. 2006) (quoting and citing *Rhodes v. Blair*, 919 S.W.2d 561, 563 (Mo.App.1996)). As

7. We assume Jones is referring to the proceedings in case number CR202–1527F before Associate Circuit Judge Michael D. Garrett in the Associate Division of the Circuit Court of Barry County. *See* footnote 3.

such, the trial court's denial of the motion to dismiss was interlocutory and subject to change during the course of trial. *Ratcliff v. Sprint Missouri, Inc.,* 261 S.W.3d 534, 551 (Mo.App.2008). Simply raising an issue in limine does not preserve it for appellate review. *Roberson v. Weston,* 255 S.W.3d 15, 18 (Mo.App.2008).

■ " 'To preserve evidentiary questions for appeal, there must be an objection giving the grounds at the time the evidence is sought to be introduced, and the same objection must be set out in the motion for new trial then carried forward in the appeal brief' " *Rouse v. Cuvelier,* 363 S.W.3d 406, 418 (Mo.App.2012) (quoting *Harrell v. Cochran,* 233 S.W.3d 254, 259 (Mo.App. W.D.2007)). Here, Jones lodged no objection to either Dr. Weitl's testimony that he had pleaded guilty in the child-molestation criminal case or the admission of the sentence and judgment from that case when the State introduced and offered it into evidence. Such failure waived appellate review of the admission of that evidence supporting that he had pleaded guilty to child-molestation in the first degree—a sexually violent offense.

Second, even if Jones had timely raised proper objections to the evidence, he has failed to provide us with an adequate record upon which we could reverse the trial court. "Rule 81.12 [8] requires that the record on appeal contain all of the record, proceedings[,] and evidence necessary to the determination of all questions to be presented to the appellate court for decision." *U.S. Bank v. Lewis,* 326 S.W.3d 491, 496 (Mo.App.2010) (quoting *Bridgeman v. Bridgeman,* 63 S.W.3d 686, 692 (Mo.App.2002)). That rule also provides that "Appellant is responsible for depositing all exhibits that are necessary for the determination of any point relied on" and

that "[a]ll exhibits *shall* be deposited pursuant to Rule 81.16." Rule 81.12(e) (emphasis added). Rule 81.16(a) mandates that "[i]f original exhibits are necessary to the determination of any point relied on, they *shall be* deposited in the appellate court." (Emphasis added).

Moreover, Southern District Court of Appeals Special Rule 4 directs that "[a]n appellant is responsible for ensuring that all exhibits necessary for the determination of any point relied on are deposited or filed with the Court." Rule 4 also provides that "[c]opies of exhibits may be contained in a legal file which is prepared in accordance with all applicable court rules." Furthermore, "[o]riginal exhibits may be deposited with the Court in accordance with Supreme Court Rule 81.16." Southern District Court of Appeals Special Rule 4.

■ "An exhibit omitted from the record on appeal may be treated by an appellate court either as immaterial to the issues presented or as supporting the judgment of the trial court." *Christian Health Care of Springfield West Park, Inc. v. Little,* 145 S.W.3d 44, 51 (Mo.App. 2004); *Bridgeman,* 63 S.W.3d at 692; *Kelly v. Ellis,* 875 S.W.2d 612, 614 (Mo.App. 1994).

Here, as admitted by Jones's trial counsel, the only evidence before the trial court related to Jones's claim that his guilty plea in the child-molestation criminal case was invalid was the judicially noticed case file that, although not marked as an exhibit, was admitted into evidence at the hearing on Jones's motion to dismiss. Neither that case file nor the sentence and judgment, admitted into evidence at trial as the State's exhibit number four, were included in the legal file in accordance with Southern District Court of Appeals Special Rule

**8.** References to Rule 81.12 and Rule 81.16 are to Supreme Court Rules (2012).

4, or deposited with this Court in accordance with Rule 81.16. Treating both of these exhibits "as supporting the judgment of the trial court," *see Little,* 145 S.W.3d at 51, there was no evidence before the trial court that would have supported Jones's claim that the sentence and judgment from the child-molestation criminal case was not valid. Jones's first point is denied.[9]

### Insufficiency of the Evidence Claim Fails

 In his second point, Jones claims the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence because the State failed to present sufficient evidence that he met the definition of an SVP, in that

Dr. Weitl's diagnosis of the mental abnormality, pedophilia, and her determination that Mr. Jones was more likely than not to commit a future act of sexual violence if not confined to a secure facility, were based on mistakes of evidence and an improperly scored actuarial instrument which were key to her determination that Mr. Jones was a sexually violent predator.

The claim fails for two reasons.

 First, Jones's point and his argument supporting the point fail to take into consideration or account for the evidence presented at trial by the State other than Dr. Weitl's testimony. A cogent insufficiency of the evidence claim and argument

involves three sequential steps:

1. Identify a challenged factual proposition needed to sustain the [finding];

2. Identify all favorable evidence in the record tending to prove that proposition; and

3. Show why such evidence, when considered along with its reasonable inferences, is so non-probative that no reasonable fact-finder could believe the proposition.

*State v. Finch,* 398 S.W.3d 928, 929 (Mo. App.2013). Jones takes the first step by identifying two factual propositions needed to sustain the finding that he is an SVP: his diagnosis as having the mental abnormality of pedophilia and that he was more likely than not to commit a future act of sexual violence if not confined to a secure facility. His point and argument fail, however, on the second step—identify *all* favorable evidence tending to prove those propositions—because he omits any mention of Dr. Mandracchia's testimony that he suffers from the mental abnormality of pedophilia and that he was more likely than not to commit a future act of sexual violence if not confined to a secure facility. Any discussion or analysis of Dr. Weitl's testimony in a vacuum outside of the context of *all* the favorable evidence presented at trial would be a needless and useless academic exercise on our part because Dr. Mandracchia's challenged testimony, in and of itself, was sufficient to support both propositions even in the absence of Dr. Weitl's testimony.

 Second, Jones's claim that Dr. Weitl's testimony was not sufficient to support these propositions because it was "based on mistakes of evidence and an improperly scored actuarial instrument" is not legally cognizable.

---

9. Because this issue was not preserved for our review by proper objection and by failing to provide an adequate record upon which we could review it, we cannot and do not reach the issue as to whether Jones may collaterally attack in this civil proceeding the judgment of conviction upon his plea of guilty in the child molestation criminal case or whether he is barred from doing so by issue preclusion, waiver of claims not asserted in a Rule 24.035 motion for post-conviction relief, or any other theory.

If a question exists as to whether proffered expert testimony is supported by a sufficient factual or scientific foundation, the question is one of *admissibility,* which must be raised by a timely objection or motion to strike. Once an expert opinion has been admitted, as any other evidence, it may be relied upon for purposes of determining the *submissibility* of the case. An appellant cannot 'backdoor' an issue relating to the admissibility of expert testimony under the guise of a sufficiency of the evidence argument.

*Bradshaw v. State,* 375 S.W.3d 237, 243 (Mo.App.2012) (quoting *In the Matter of the Care and Treatment of Muston,* 350 S.W.3d 493, 497–98 (Mo.App.2011)) (internal citations and quotation marks omitted). Jones did not object to the admission of or move to strike Dr. Weitl's testimony that she diagnosed him as having the mental abnormality of pedophilia or her conclusion that he is more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility. Once admitted, the jury could properly rely upon this testimony to find that Jones was an SVP. *See id.* Jones's second point is denied.

### Decision

The trial court's judgment of civil commitment is affirmed.

NANCY STEFFEN RAHMEYER, J. and WILLIAM W. FRANCIS, JR., J., concur.