

# Missouri Court of Appeals

## Southern District

### Division Two

CITY OF JOPLIN,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Respondent,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　)　　　No. SD35546
　　　　　　　　　　　　　　　　　)　　　Filed: June 7, 2019
JAMES MAXWELL LEEPER, JR.,　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Appellant.　　　　　　　)

### APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Dean G. Dankelson, Judge

*Before Francis, P.J., Bates, J., and Scott, J.*

## **AFFIRMED**

PER CURIAM.　James Maxwell Leeper, Jr. was found guilty after a bench trial in the Circuit Court of Jasper County, Joplin Municipal Division, of violating four municipal traffic ordinances of the Joplin City Code. Leeper applied for a trial *de novo* in the Jasper County Circuit Court ("trial court"). Following a bench trial there, the trial court found Leeper guilty of violating the four city ordinances and sentenced Leeper to fines in the aggregate amount of $650, and court costs. Leeper raises six points on appeal, all of which fail. We affirm the trial court's judgment.

**Background**

On December 18, 2017, at approximately 1:57 p.m., Officer Mike Larery of the Webb City Police Department, Ozark Drug Enforcement Team, was conducting surveillance on a residence in the area of 14th and Missouri in the City of Joplin. Officer Larery was three quarters of a block away (eighty-five to one hundred yards) from the residence observing an individual through binoculars for approximately fifteen minutes. Officer Larery observed that the individual had facial hair, and was wearing a "commercial made do rag" around his head, a Kansas City Chiefs pullover, and denim jeans. The individual left the residence in a "dark primer gray" Ford Ranger pickup.

Officer Larery contacted the Joplin Police Department for an assist. He then followed the truck for a number of blocks. A check of the pickup's tags indicated the pickup was registered to a "James Leeper." After conducting a search on social media, Officer Larery was able to identify Leeper as the individual driving the pickup truck.

Officer Larery was unable to continue following Leeper, and Officer Sam Scott ("Officer Scott"), with the Joplin Police Department, resumed following Leeper. Officer Scott was advised by Officer Larery that "there was an interest" in the Ford Ranger pickup, and the pickup had several times failed to use its turn signal.

Officer Scott called dispatch to run the pickup's plates, which again came back registered to "James Leeper." As the pickup passed Officer Scott's vehicle, he observed that the pickup had a cracked windshield. Officer Scott caught up to the pickup and activated his lights. The pickup then turned into a private parking lot, circled around, and headed back toward the entrance. Officer Scott activated his siren when it was apparent the driver was not going to stop. The pickup then returned to the street at a high rate of speed and re-entered the roadway, cutting off two vehicles.

2

Unable to safely continue pursuit, Officer Scott conducted his own internet search and found a picture of Leeper's "Tyson Food ID card that was an exact match" for the person he had seen driving the pickup. Officer Larery contacted Officer Scott, they discussed their independent identifications of Leeper, and both agreed that Leeper was the driver of the pickup. Later that day, Officer Scott issued and mailed to Leeper, at Leeper's address shown on his driver's license, citation No. 141132591 for violating four ordinances of the Joplin City Code:

WINDSHIELD AND WINDOWS, WINDSHIELD WIPERS
    in Violation of Ord #: 114-650
CARELESS DRIVING
    in Violation of Ord #: 114-173
EMERGING FROM ALLEY, DRIVEWAY OR BUILDING
    in Violation of Ord #: 114-317
FAIL TO YIELD TO EMERGENCY VEHICLE
    in Violation of Ord #: 114-98

Officers Larery and Scott testified at the bench trial *de novo* on May 2, 2018. Officer Larery made an in-court identification of Leeper as the individual driving the pickup on the day in question. Leeper's counsel objected to the identification on the basis of lack of reliability, arguing "[i]t wasn't a proper lineup, he just immediately went [to] Facebook and said that was him." The prosecutor argued that Officer Larery was subject to cross examination on his credibility, and that the trial court, as the fact finder, could give whatever weight it wanted to Officer Larery's identification. The trial court overruled the objection.

Officer Scott also made an in-court identification of Leeper as being the individual he observed driving the pickup. Leeper's counsel again requested the trial court suppress the identification for the same reasons previously argued. The trial court denied this request.

Leeper's theory of defense was that he was not the driver in question and was not in Joplin at the time of the offense. In support, Leeper testified in his own defense, and presented testimony from his father and several other witnesses. At the close of all the evidence, the trial court took

3

the matter under advisement, but ultimately found Leeper guilty of each of the four charges, fining him $650 in the aggregate and also assessing court costs against him. This appeal followed.

**Claims and Analysis**

Leeper's brief botches its points and arguments:

- In the Points Relied On section, two points are duplicates, so five charge insufficiency of evidence (as to four counts), and the sixth challenges admission of Officer Scott's identification testimony.

- In the Argument section, Point 5 duplicates the Point 6 complaint about Officer Scott's testimony, but its header cites Officer Larery's testimony, and its argument addresses both.

That noted, all these complaints fail summarily because they ignore our standard of review. The arguments under Points 1-4 (one as to each conviction challenged), in virtually identical language, acknowledge the proof against Leeper, but urge that it was not strong enough. The arguments under Points 5 and 6 similarly assert that the trial court should have disbelieved the identifications of Leeper by Officers Larery and Scott. Our standard of review is contrary to all such arguments:

> When reviewing the sufficiency of the evidence, we review all evidence and inferences reasonably drawn from the evidence in the light most favorable to the verdict, and disregard all contrary evidence and inferences. The trier of fact determines the credibility of the witnesses, and may believe all, some or none of the testimony of a witness. Our function is not to reweigh the evidence, but only to determine whether the conviction is supported by sufficient evidence.

*State v. Rousselo*, 386 S.W.3d 919, 920-21 (Mo.App. 2012) (citations and quotation marks omitted). These principles are so well established that we need not address them further. Points denied. Judgment affirmed.

4



# Missouri Court of Appeals

## Southern District

### Division Two

CITY OF JOPLIN,                         )
                                        )
          Respondent,                   )
                                        )
     vs.                                )          No. SD35546
                                        )          Filed:  June 7, 2019
JAMES MAXWELL LEEPER, JR.,              )
                                        )
          Appellant.                    )

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable Dean G. Dankelson, Judge

**<u>CONCURRING OPINION</u>**

I concur in the principal opinion.  I write separately to emphasize that there are other more fundamental reasons for affirming the decision of the trial court.

Leeper raises six points on appeal.  The first five points challenge the sufficiency of the evidence as to his identification as the perpetrator of the infractions charged.  The sixth point challenges the trial court's denial of his objection to admission of identification evidence at trial.  Although it is clear that our standard of review dictates affirmance, we are compelled to observe (and apply) Rule 84.04[1] and governing principles of review as applicable to Leeper's challenges.

---

[1] All rule references are to Missouri Court Rules (2019).

Leeper's statement of facts are not accord with Rule 84.04(c).  His points relied on are defective and inconsistent with Rule 84.04(e).  His argument section is without any reference to case law and has only scant reference to statutory or constitutional authority.

The five points challenging the sufficiency of the evidence are defective for failure to follow the three separate and sequential analytical steps spelled out in ***State v. Finch***, 398 S.W.3d 928, 929 (Mo.App. S.D. 2013).

Rule 84.04 shortcomings cannot be overlooked in this context.

WILLIAM W. FRANCIS, JR.—SEPARATE OPINION AUTHOR